ROBERT O. RICE (6639)
KATHERINE E. PRIEST (14758)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, Suite 1400
Post Office Box 45385
Salt Lake City, UT 84145-0385
Phone: (801) 532-1500
rrice@rqn.com
kpriest@rqn.com

*Attorneys for Defendant*

---

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ISILELI TAUSINGA,<br><br>    Plaintiff,<br><br>v.<br><br>SALT LAKE LEGAL DEFENDER ASSOCIATION,<br><br>    Defendant. | **DEFENDANT'S ANSWER TO COMPLAINT AND JURY DEMAND**<br><br>Case No. 2:23-cv-00449-BSJ<br><br>Judge Bruce S. Jenkins |

Defendant, Salt Lake Legal Defender Association ("Defendant"), hereby responds to Plaintiff's Complaint and Jury Demand ("Complaint") as follows:

### NATURE OF CLAIMS

1.  The allegations contained in paragraph 1 of the Complaint constitute legal conclusions that need not be admitted or denied and therefore Defendant denies the same.

2.  To the extent that the allegations in paragraph 2 of the Complaint seek to summarize damages sought by Plaintiff in the above-entitled action, Defendant states that the Complaint speaks for itself. Otherwise, the allegations in paragraph 2 of the Complaint

constitute legal conclusions that need not be admitted or denied and therefore Defendant denies the same.

## PARTIES

3. Defendant admits the allegations contained in paragraph 3.

4. Defendant admits that Plaintiff worked for Defendant, but lacks information and knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 4 of the Complaint and therefore denies the same.

## JURISDICTION AND VENUE

5. The allegations contained in paragraph 5 of the Complaint constitute legal conclusions that need not be admitted or denied and therefore Defendant denies the same.

6. The allegations contained in paragraph 6 of the Complaint constitute legal conclusions that need not be admitted or denied and therefore Defendant denies the same.

## ADMINISTRATIVE PROCEEDINGS

7. Defendant admits that Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission dated March 25, 2022.  The remaining allegations contained in paragraph 7 of the Complaint constitute legal conclusions that need not be admitted or denied and therefore Defendant denies the same.

8. Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of the Complaint and therefore denies the same.

## GENERAL ALLEGATIONS

9. Defendant admits the allegations contained in paragraph 9 of the Complaint.

10. Defendant admits the allegations contained in paragraph 10 of the Complaint.

11. Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 11 of the Complaint and therefore denies the same.

12. Defendant admits that Patrick Anderson was a former director of Salt Lake Legal Defenders ("SLLD"), that Plaintiff was made Chief Investigator in approximately 2015 and that in that capacity, he supervised investigators. The remaining allegations in paragraph 12 of the Complaint purport to summarize the contents of documents; Defendant refers Plaintiff to those documents and denies all allegations inconsistent with such documents.

13. Defendant admits the allegations contained in paragraph 13 of the Complaint.

14. Defendant admits that SLLD hired Charlotte Miller ("Miller") as its Assistant Director , but denies the remaining allegations contained in paragraph 14 of the Complaint.

15. Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 15 of the Complaint and therefore denies the same.

16. Defendant denies the allegations contained in paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in paragraph 17 of the Complaint.

18. Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 18 of the Complaint and therefore denies the same.

19. Defendant denies the allegations contained in paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in paragraph 21 of the Complaint.

22. Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 22 of the Complaint and therefore denies the same, including subparagraphs a through e of the Complaint.

23. Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 23 of the Complaint and therefore denies the same.

24. Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 24 of the Complaint and therefore denies the same.

25. Defendant admits that Miller conducted antidiscrimination and implicit bias training, but denies the remaining allegations contained in paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in paragraph 28 of the Complaint.

29. Defendant admits that SLLDA managers had access to SAGE, but denies the remaining allegations contained in paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in paragraph 30 of the Complaint.

31. The allegations in paragraph 31 of the Complaint purport to summarize the contents of documents; Defendant refers Plaintiff to those documents and denies all allegations inconsistent with such documents.

32. The allegations in paragraph 32 of the Complaint purport to summarize the contents of documents; Defendant refers Plaintiff to those documents and denies all allegations inconsistent with such documents.

33. Defendant admits that Miller's spouse served on the SLLDA Board of Directors. Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of Plaintiff's allegations contained in paragraph 33 regarding his state of mind and therefore denies those allegations. Defendant denies the remaining allegations contained in paragraph 33 of the Complaint.

34. Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 34 of the Complaint and therefore denies the same.

35. Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 35 of the Complaint and therefore denies the same.

36. Defendant denies the allegations contained in paragraph 36 of the Complaint.

37. Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 37 of the Complaint and therefore denies the same.

38. Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 38 of the Complaint and therefore denies the same.

39. Defendant admits that Plaintiff, Miller and Mauro met on or about March 5, 2021, but denies the remaining allegations contained in paragraph 39 of the Complaint.

40. Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 40 of the Complaint and therefore denies the same.

41. Defendant denies the allegations contained in paragraph 41 of the Complaint.

42. Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 42 of the Complaint and therefore denies the same.

43. Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 43 of the Complaint and therefore denies the same.

44. Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 43 of the Complaint and therefore denies the same.

45. Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 45 of the Complaint and therefore denies the same.

46. Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 46 of the Complaint and therefore denies the same.

47. Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 47 of the Complaint and therefore denies the same.

48. Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 48 of the Complaint and therefore denies the same.

49. Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 49 of the Complaint and therefore denies the same.

50. Defendant denies the allegations contained in paragraph 50 of the Complaint.

51. Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 51 of the Complaint and therefore denies the same.

52. Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 52 of the Complaint and therefore denies the same.

53. Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 53 of the Complaint and therefore denies the same.

54. Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 54 of the Complaint and therefore denies the same.

55. Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 55 of the Complaint and therefore denies the same.

56. Defendant denies the allegations contained in paragraph 56 of the Complaint, including subparagraphs a though h.

57. Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 57 of the Complaint and therefore denies the same.

58. Defendant admits that it provided FMLA leave to Plaintiff from March 26, 2021 to June 18, 2021, but lacks knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 58 of the Complaint and therefore denies the same.

59. The allegations in paragraph 59 of the Complaint purport to summarize the contents of documents; Defendant refers Plaintiff to those documents and denies all allegations inconsistent with such documents.

60. Defendant denies the allegations contained in paragraph 60 of the Complaint.

61. The allegations in paragraph 61 of the Complaint purport to summarize the contents of documents; Defendant refers Plaintiff to those documents and denies all allegations inconsistent with such documents.

62. The allegations in paragraph 62 of the Complaint purport to summarize the contents of documents; Defendant refers Plaintiff to those documents and denies all allegations inconsistent with such documents.

63. Defendant lacks information and knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 63 of the Complaint and therefore denies the same.

64. Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 64 of the Complaint and therefore denies the same.

65. Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 65 of the Complaint and therefore denies the same.

66. Defendant denies the allegations contained in paragraph 66 of the Complaint.

**FIRST CAUSE OF ACTION**
**(Discrimination in Violation of 42 U.S.C. § 1981 and Title VII)**

67. Defendant hereby incorporates by reference its responses to paragraphs 1 through 66 contained herein.

68. Defendant admits the allegations contained in paragraph 68 of the Complaint.

69. Defendant denies the allegations contained in paragraph 69 of the Complaint.

70. Defendant denies the allegations contained in paragraph 70 of the Complaint.

71. Defendant denies the allegations contained in paragraph 71 of the Complaint.

72. Defendant denies the allegations contained in paragraph 72 of the Complaint.

73. Defendant denies the allegations contained in paragraph 73 of the Complaint.

74. Defendant denies the allegations contained in paragraph 74 of the Complaint.

75. Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 75 of the Complaint and therefore denies the same.

76. Defendant denies the allegations contained in paragraph 76 of the Complaint.

77. Defendant denies the allegations contained in paragraph 77 of the Complaint.

78. Defendant denies the allegations contained in paragraph 78 of the Complaint.

79. Defendant denies the allegations contained in paragraph 79 of the Complaint.

80. Defendant denies the allegations contained in paragraph 80 of the Complaint.

81. Defendant denies the allegations contained in paragraph 81 of the Complaint.

## SECOND CAUSE OF ACTION
### (Harassment in Violation of 42 U.S.C. § 1981 and Title VII)

82. Defendant hereby incorporates by reference its responses to paragraphs 1 through 81 contained herein.

83. Defendant admits the allegations contained in paragraph 83 of the Complaint.

84. Defendant denies the allegations contained in paragraph 84 of the Complaint.

85. Defendant denies the allegations contained in paragraph 85 of the Complaint.

86. Defendant denies the allegations contained in paragraph 86 of the Complaint.

87. Defendant denies the allegations contained in paragraph 87 of the Complaint.

88. Defendant denies the allegations contained in paragraph 88 of the Complaint.

89. Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 89 of the Complaint and therefore denies the same.

90. Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 90 of the Complaint and therefore denies the same.

91. Defendant denies the allegations contained in paragraph 91 of the Complaint.

92. Defendant denies the allegations contained in paragraph 92 of the Complaint.

93. Defendant denies the allegations contained in paragraph 93 of the Complaint.

94. Defendant denies the allegations contained in paragraph 94 of the Complaint.

95. Defendant denies the allegations contained in paragraph 95 of the Complaint.

96. Defendant denies the allegations contained in paragraph 96 of the Complaint.

## THIRD CAUSE OF ACTION
### (Retaliation in Violation of 42 U.S.C. 21 1981 and Title VII)

97. Defendant hereby incorporates by reference its responses to paragraphs 1 through 96 contained herein.

98. Defendant denies the allegations contained in paragraph 98 of the Complaint.

99. The allegations contained in paragraph 99 of the Complaint constitute legal conclusions that need not be admitted or denied and therefore Defendant denies the same.

100. Defendant denies the allegations contained in paragraph 100, including subparagraphs a through k of the Complaint.

101. Defendant denies the allegations contained in paragraph 101 of the Complaint.

102. Defendant denies the allegations contained in paragraph 102 of the Complaint.

103. Defendant denies the allegations contained in paragraph 103 of the Complaint.

104. Defendant denies the allegations contained in paragraph 104 of the Complaint.

105. Defendant denies the allegations contained in paragraph 105 of the Complaint.

106. Defendant denies the allegations contained in paragraph 106 of the Complaint.

107. Defendant denies the allegations contained in paragraph 107 of the Complaint.

108. Defendant denies any and all allegations in the Complaint not specifically admitted herein, including any allegations contained in the Jury Demand, Prayer for Relief and in all headings set forth in the Complaint.

### AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses without assuming the burden of proof on any issue for which Plaintiff bears the burden of proof.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim for which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Defendant acted at all times in good faith, without malice and in a privileged manner.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims and/or damages are barred or limited by the doctrines of waiver, laches, estoppel, judicial estoppel, fraud, legal excuse, and unclean hands.

**FOURTH AFFIRMATIVE DEFENSE**

Any adverse action taken against Plaintiff was for legitimate, non-discriminatory, and non-retaliatory business reasons which are not a pretext.

**FIFTH AFFIRMATIVE DEFENSE**

Some or all of Plaintiff's claims and/or alleged damages are barred by the after-acquired evidence doctrine.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff was an at-will employee whose employment could be terminated for any reason or no reason, with or without notice.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff has not been damaged in any manner that would permit the recovery of any damages under law.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's damages, if any, resulted in whole or in part from her actions, inaction, conduct or performance.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages, if any. Any award to Plaintiff must be offset by the greater of Plaintiff's actual earnings or the amount Plaintiff could have earned through reasonable diligence to mitigate his damages, if any.

### TENTH AFFIRMATIVE DEFENSE

Any acts or omissions by Defendant are free from intentional discrimination, and were not made with malice or reckless indifference to any rights of Plaintiff.

### ELEVENTH AFFIRMATIVE DEFENSE

Any and all of Plaintiff's allegations and/or claims that are outside the scope of the Charge filed by him with the Equal Employment Opportunity Commission are barred for failure to exhaust administrative remedies and under the applicable statutes of limitation. Any claims or allegations brought by Plaintiff that occurred more than 300 days prior to the date that he filed a charge of discrimination are also barred. 42 U.S.C. § 2000e-5(e)(1); 42 U.S.C. § 2000e-5(f).

### TWELFTH AFFIRMATIVE DEFENSE

Defendant is entitled to its attorneys' fees and experts' fees pursuant to 42 U.S.C. § 2000e-5(k).

### THIRTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff has not complied with the applicable statutes of limitations, including 42 U.S.C. § 2000e-5(e)(1) and 42 U.S.C. § 2000e-5(f)(1), some or all of his claims are barred.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendant exercised reasonable care to prevent and promptly correct any discriminatory or harassing behavior, and Plaintiff unreasonably failed to take advantage of the preventative or corrective opportunities provided by Defendant to avoid harm otherwise.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendant did not know and should not have known that Plaintiff was subject to any alleged unlawful discrimination or harassment and therefore is not vicariously liable for the same and/or is not subject to respondeat superior liability for any alleged damages.

### SIXTEENTH AFFIRMATIVE DEFENSE

Any claims of discrimination originally alleged in Plaintiff's Charge of Discrimination to the Equal Employment Opportunity Commission that are not alleged in Plaintiff's Complaint have been abandoned and are barred from this action.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the purported wrongful acts or omissions by Defendant were lawful, privileged, and/or legitimate, and were wholly unrelated to any allegedly protected status of Plaintiff.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff cannot state a prima facie case of retaliation under state or federal law. Even if he could state a prima facie case (which he cannot), any claim for retaliation fails because all actions taken by Defendant in relation to Plaintiff's employment were for legitimate, non-retaliatory and non-pretextual reasons.

## NINETEENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to raise additional affirmative defenses as may be discovered during the course of these proceedings.

## TWENTIETH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's Section 1981 claims are barred by that statute's four-year statute of limitations.  *See* 28 U.S.C.§ 1658.

WHEREFORE, Defendant asks that Plaintiff's entire action be dismissed with prejudice and that he take nothing thereby, and that the Court award Defendant its costs and attorneys' fees and for such further relief as this Court deems just and proper.

DATED this 18th day of August, 2023.

RAY QUINNEY & NEBEKER P.C.


/s/  Robert O. Rice
Robert O. Rice
Katherine E. Priest

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of August, 2023, I electronically filed the foregoing **DEFENDANT'S ANSWER TO COMPLAINT AND JURY DEMAND** using the CM/ECF system of the District Court of the State of Utah which sent notification of such filing to:

Jonathan K. Thorne
Lauren I. Scholnick
**STRINDBERG SCHOLNICK BIRCH HALLAM HARSTAD THORNE**
40 South 600 East
Salt Lake City, UT 84102
jonathan@utahjobjustice.com
lauren@utahjobjustice.com

*Attorneys for Plaintiffs*

                                                  */s/ Marci Meyers*

1645405